**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| AIMEE OLTHOFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LVNV FUNDING, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, AIMEE OLTHOFF, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, LVNV FUNDING, LLC, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2.      Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4.      AIMEE OLTHOFF, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Humboldt, County of Humboldt, State of Iowa.

5.      The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to HSBC.

1

6.     The debt that Plaintiff allegedly owed HSBC was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7.     At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8.     LVNV FUNDING, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Iowa. Defendant is registered as a Limited Liability Company in the State of Delaware.

9.     The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10.     Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11.     During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12.     At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13.     At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14.    On or prior to September 13, 2011, Defendant purchased, acquired and/or otherwise obtained a debt Plaintiff allegedly owed to HSBC.

15.    At the time Defendant purchased, acquired and/or otherwise obtained the debt Plaintiff allegedly owed to HSBC, the aforesaid debt was in default.

16.    On or prior to September 13, 2011, Defendant referred, transferred and/or sent the debt Plaintiff allegedly owed to a third-party, Abendroth & Russell, P.C., for collections (hereinafter, "A&R").

17.    On or about September 13, 2011, A&R sent Plaintiff a correspondence in an attempt to collect the debt she allegedly owed.

18.    Subsequent to Plaintiff having received the aforesaid correspondence she contacted an attorney to represent her with respect to the debt she allegedly owed.

19.    On or about September 19, 2011, Plaintiff's counsel sent a correspondence to A&R.

20.    A&R received the aforesaid correspondence on or prior to September 28, 2011.

21.    In the aforesaid correspondence, Plaintiff's counsel stated that Plaintiff was represented with respect to the debt she allegedly owed.

22.    In the aforesaid correspondence, Plaintiff's counsel stated that all communications with respect to the aforesaid debt should be directed to Plaintiff's counsel.

23.    In the aforesaid correspondence, Plaintiff's counsel provided his name and contact information.

24.    Upon information and belief, A&R provided Defendant with Plaintiff's counsel's contact information.

Case 3:11-cv-03068-MWB   Document 1   Filed 12/06/11   Page 3 of 7

25.     Upon information and belief, A&R informed Defendant that Plaintiff was being represented by counsel with respect to the debt she allegedly owed.

26.     Upon information and belief, A&R informed Defendant that Plaintiff's counsel had requested that all communications relative to the debt Plaintiff allegedly owed were to be directed to Plaintiff's counsel.

27.     Upon information and belief, on or prior to October 3, 2011, A&R provided Defendant with the aforesaid information relative to Plaintiff's counsel representation of Plaintiff.

28.     Upon information and belief, A&R provided Defendant with a copy of the correspondence, as delineated above, sent by Plaintiff's counsel's to A&R.

29.     Upon information and belief, Abendroth & Russell, P.C provided Defendant with a copy of the correspondence on or prior to October 3, 2011.

30.     Upon information and belief, on or prior to October 3, 2011, Defendant had information in its possession that Plaintiff was represented by counsel with respect to the debt she allegedly owed.

31.     Upon information and belief, on or prior to October 3, 2011, Defendant was cognizant Plaintiff was represented by counsel with respect to the debt she allegedly owed.

32.     At no time has Plaintiff's counsel failed to respond to a communication from Defendant.

33.     Plaintiff's counsel did not consent to Defendant having direct communication with Plaintiff.

34.     Upon information and belief, despite Defendant having information in its possession that Plaintiff was represented by counsel with respect to the debt she allegedly owed,

4

Defendant referred, transferred and/or sent the debt Plaintiff allegedly owed to another third-party collector without informing said third-party collector that Plaintiff was represented by counsel.

35. Upon information and belief, at the time Defendant referred, transferred and/or sent the debt Plaintiff allegedly owed to the aforesaid third-party for collections, Defendant was cognizant Plaintiff was represented by counsel with respect to the aforesaid debt.

36. Upon information and belief, at the time Defendant referred, transferred and/or sent the debt Plaintiff allegedly owed to the aforesaid third-party for collections, Defendant did not inform the aforesaid third-party collector that Plaintiff was represented by counsel with respect to the debt she allegedly owed.

37. Defendant's conduct in sending the debt Plaintiff allegedly owed to a third-party for collections without informing the third-party that Plaintiff was represented by counsel with respect to the aforesaid debt and was unfair and/or unconscionable.

38. Defendant, by sending the debt Plaintiff allegedly owed to a third-party for collections without informing the third-party that Plaintiff was represented by counsel was conduct used by Defendant to attempt to coerce Plaintiff into paying the debt she allegedly owed as opposed to having her attorney represent her with respect to the aforesaid debt.

39. On or about October 3, 2011, Leading Edge Recovery Solutions, LLC, (hereinafter, "LERS") sent a correspondence directly to Plaintiff in an attempt to collect the debt he allegedly owed.

40. At no time has Plaintiff's counsel failed to respond to a communication from either of the third-party collectors, delineated above.

5

41. Plaintiff's counsel did not consent to either of the third-party collectors delineated above having direct communication with Plaintiff.

42. Alternatively, in or around September 2011, Defendant simultaneously sent, referred and/or transferred the debt Plaintiff allegedly owed to multiple third-party collectors, namely A&R and LERS.

43. In or around September 2011, Defendant's conduct in simultaneously sending, referring and/or transferring the debt Plaintiff allegedly owed to A&R and LERS was conduct that Defendant knew or could reasonably anticipate would be harassing to Plaintiff.

44. In or around September 2011, Defendant's conduct in simultaneously sending, referring and/or transferring the debt Plaintiff allegedly owed to A&R and LERS was conduct that was unfair and/or unconscionable.

45. In or around September 2011, Defendant's conduct in simultaneously sending, referring and/or transferring the debt Plaintiff allegedly owed to A&R and LERS was conduct that Defendant knew or could reasonably anticipate would confuse an unsophisticated consumer as to where payments relative to the aforesaid debt should be directed.

46. In its attempts to collect the debt allegedly owed by Plaintiff to HSBC, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

    b. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    c. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

6

d.  Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

e.  Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

47.  As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.  JURY DEMAND

48.  Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, AIMEE OLTHOFF, by and through her attorneys, respectfully prays for judgment as follows:

a.  All actual compensatory damages suffered;

b.  Statutory damages of $1,000.00;

c.  Plaintiff's attorneys' fees and costs;

d.  Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**AIMEE OLTHOFF**

By: ___s/ David Steen_____
Attorney for Plaintiff

Dated: December 6, 2011

David J. Steen  (AT0009574)
LARRY P. SMITH & ASSOCIATES, LTD.
614 East Street
Hartford, IA  50118
Direct Dial:  (515) 418-9321
Facsimile:    (888) 418-1277
E-Mail:       dsteen@smithlaw.us

7